# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: November 15, 2019

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SHANNON JACKSON, | * | No. 17-538V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | ADEM; Influenza (“Flu”) Vaccine; Interim Fees and Costs; Reduction of Hours |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

William E Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner
Althea Walker Davis, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS’ FEES AND COSTS[1]

On May 16, 2019, Shannon Jackson (“Petitioner”) filed a motion for interim attorneys’ fees and costs, requesting **$51,214.61** for her counsel, Mr. William E. Cochran, Jr. Mot. Int. Att’ys’ Fees & Costs, ECF No. 52 [hereinafter Pet’r’s Mot. for IAFC]. On May 30, 2019, Respondent filed his response to Petitioner’s motion. Resp’t’s Resp., ECF No. 54. In his response, Respondent stated that he would “defer to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award . . .” *Id.* at 2. For the reasons stated below, I will award interim attorneys’ fees and costs for Petitioner’s counsel at this time.

[1] This Decision shall be posted on the United States Court of Federal Claims’ website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

## I. Procedural History

On April 17, 2017, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleges that she suffered acute disseminated encephalomyelitis ("ADEM") as the result of an influenza ("flu") vaccine administered on November 11, 2015. Pet. at 1. Over the next five months, Petitioner filed nineteen exhibits consisting of medical records, two affidavits, and a vaccine verification form. Pet'r's Exs. 1–19, ECF Nos. 9-1–9-10, 10-1–10-10, 14, 19.

On November 14, 2017, Respondent filed a status report indicating that Petitioner's record was complete, ECF No. 21, and I then ordered Respondent to file his Rule 4 Report by January 16, 2018. Scheduling Order, docketed Nov. 14, 2017. Respondent filed his Rule 4 Report within his deadline. Resp't's Report, ECF No. 24. In his report, Respondent argued that Petitioner should be denied compensation because Petitioner had not shown a logical connection between the flu vaccination and the development of ADEM. *Id.* At 16. Respondent further argued that Petitioner had not shown that the onset of ADEM "occurred within a medically acceptable time frame to infer causation." *Id.*

I held a Rule 5 status conference on February 13, 2018. Minute Entry, docketed Feb. 13, 2018. Following the status conference, I ordered Petitioner to file an expert report by June 15, 2018. ECF No. 25. After one extension of time, Petitioner filed an expert report by Lawrence Steinman, M.D., Dr. Steinman's C.V., and thirty pieces of medical literature on July 12, 2018. Unopposed Mot. for Ext. of Time, ECF No. 28; Pet'r's Exs. 25–51, ECF Nos. 29-1–31-9. Five days later, I ordered Respondent to file a responsive expert report by September 10, 2018. Non-PDF Order, docketed July 17, 2018.

From February 21 to May 2, 2018, Petitioner filed five additional medical records. Pet'r's Exs. 20–21, ECF Nos. 26-1–26-2; Pet'r's Exs. 22–24, ECF Nos. 27-1–27-3. Petitioner filed an amended expert report on July 20, 2018, which corrected the date of vaccination. Pet'r's Ex. 52, ECF No. 32. After one extension of time, Respondent filed his responsive expert report by Eric Lancaster, M.D., Ph.D., Dr. Lancaster's C.V., and seven supporting pieces of medical literature on September 17, 2018. Unopposed Mot. for Ext. of Time, ECF No. 33; Resp't's Exs. A-1–B, ECF Nos. 34, 36.

On October 4, 2018, I granted Petitioner's motion to amend her petition, which she subsequently filed on October 15, 2018. ECF No. 37; Non-PDF Order, docketed Oct. 4, 2018; ECF No. 38. Petitioner filed a supplemental expert report by Dr. Lancaster and two supporting pieces of medical literature on November 19, 2018. Pet'r's Exs. 53–55, ECF No. 39-1–39-3. A month later, Respondent filed a responsive expert report by Dr. Lancaster. Resp't's Ex. C, ECF No. 45. Petitioner then filed a supplemental expert report by Dr. Steinman and two pieces of supporting medical literature on January 18, 2019. Pet'r's Exs. 56–58, ECF No. 49.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 5, 2019, Respondent filed an additional piece of medical literature. Resp't's Ex. C-1, ECF No. 50. On May 16, 2019, Petitioner filed her motion for interim attorneys' fees and costs, and Respondent filed his response fifteen days later. Pet'r's Mot. for IAFC; Resp't's Resp. Petitioner did not file a reply. Two weeks later, Respondent filed a responsive expert report by Dr. Lancaster and an additional piece of medical literature. Resp't's Exs. D–D-1, ECF No. 53-1–53-2. Between August 9 and August 12, 2019, Petitioner filed an updated medical record, a responsive expert report, and six pieces of supporting medical literature. Pet'r's Ex. 59, ECF No. 56; Pet'r's Ex. 60–66, ECF Nos. 57-1–57-7. Petitioner filed six additional exhibits consisting of updated medical records on September 20, 2019. Pet'r's Exs. 67–72, ECF Nos. 59-1–59-7. Currently, Respondent has until January 13, 2020, to file his responsive expert report. Non-PDF Order, docketed Nov. 12, 2019. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs*., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs*., No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs*., No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioners' case was filed on April 17, 2017, it has been pending for more than two years. *See* Pet. At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioners have submitted four expert reports and numerous exhibits in support of their petition. *See generally* Pet'r's Exs. 1–72. Petitioner's counsel has requested **$51,214.61** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Pet'r's Mot. for IAFC at 11–12. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id*. at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

#### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys, law clerks, and paralegals who have worked on this matter to date:

**<u>Attorneys</u>**

- William E. Cochran, Jr.:
  - 2016 – $355
  - 2017 – $365
  - 2018 – $377
  - 2019 – $391
- Michael G. McLaren:
  - 2017 – $440
  - 2018 – $456
  - 2019 – $473

**Law Clerks**

- Samantha R. Ward
  - 2016 - $145
  - 2017 - $148
  - 2018 - $153
  - 2019 - $156
- Carmen Smith Garcia
  - 2016 - $145
  - 2017 - $148
  - 2018 - $153
  - 2019 - $156

**Paralegal**

- Lisa Harper
  - 2019 – $155

The Black McLaren Jones Ryland & Griffee, P.C., firm is in Memphis, Tennessee, thus forum rates apply. *See*, *e.g.*, *Scarpato v. Sec'y of Health & Human Servs.*, No. 16–1448V, 2018 WL 3030977, at *1–2 (Fed. Cl. Spec. Mstr. March 28, 2018); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2019); *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *3 (Fed. Cl. Spec. Mstr. Nov. 27, 2018).

After reviewing the requested hourly rates for Mr. McLaren, I find that not all of his requested hourly rates are not consistent with what he has been previously awarded in the Program and not reasonable in light of *McCulloch*. *See, e.g.*, *Dix v. Sec'y of Health & Human Servs.,* No. 17-1859V, 2019 WL 4467108, at *2 (Fed. Cl. Spec. Mstr. June 25, 2019); *McCulloch*, 2015 WL 5634323. Petitioner requests the hourly rates of $440 for work performed in 2017 and $456 for work performed in 2018. These rates have been previously awarded to Mr. McLaren and I will award those rates for those years. *See Dix*, 2019 WL 4467108; *Biery v. Sec'y of Health & Human Servs*., No. 17-1546V, 2019 WL 4121055 (Fed. Cl. Spec. Mstr. June 10, 2019); *Teter on Behalf of S.T. v. Sec'y of Health & Human Servs*., No. 17-1801V, 2019 WL 2406958 (Fed. Cl. Spec. Mstr. May 17, 2019). However, the requested hourly rate of $473 for work performed in 2019 has already been reduced this year by former Chief Special Master Dorsey. *Dix*, 2019 WL 4467108 at *2. I too find that this rate exceeds Mr. McLaren's experience range of attorneys with over 31 years' experience. Therefore, I will award an hourly rate of **$464**, as this is the maximum

reasonable hourly rate within the Attorneys' Forum Hourly Rate Fee Schedule for 2019.[3] This results in a reduction of **$7.20**.[4]

I find that the requested rates for Mr. Cochran, the law clerks, and the paralegal are consistent with what these individuals have been previously awarded in the Program and that the rates are reasonable in light of *McCulloch*. *See Dix*, 2019 WL 4467108; *Biery*, 2019 WL 4121055; *Teter*, 2019 WL 2406958; *Rice v. Sec'y of Health & Human Servs*., No. 15-1335, 2018 WL 4784563 (Fed. Cl. Spec. Mstr. Aug. 27, 2018); *McCulloch*, 2015 WL 5634323.

**ii. Hours Expended**

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate for excessive billing. As the case law dictates, "[c]ounsel should not include in their fee requests hours that are 'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Two attorneys, two law clerks, and a paralegal billed hours in this case. As other special masters have noted, this type of staffing model leads to inefficiency and unnecessary billing entries. *See, e.g.*, *Rice*, 2018 WL 4784563, at *2. For instance, Samantha Ward and Carmen Garcia Smith billed hours for intraoffice communications and discussions with each other regarding case progression, which are not compensable in the Program. *See, e.g.*, Pet'r's Ex. 2 at 1–2 (07/21/2016 entry from Carmen Garcia Smith noting "correspondence from Samantha Ward regarding requesting records[.]")[5]; *see also Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017). Additionally, Mr. Cochran billed for time where he and a law clerk attended the same conference calls with Petitioner. *See, e.g.*, Pet'r's Ex. 2 at 16 (02/13/2018 entries from Mr. Cochran and Samantha Ward noting a call with Petitioner).[6]

In addition to the above, firm law clerks billed time for filing documents and reviewing CM/ECF notifications. *See, e.g.*, *id.* at 12 (07/14/2017 entry indicating a law clerk "fil[ed] exhibit 18 (Damages Affidavit) with the court"), 16 (02/21/2018 entry noting "file exhibits 20–21 with the court"), 21 (10/01/2018 entry noting "file motion for leave to amend petition").[7] This type of clerical work is not compensable in the Program. *See, e.g.*, *Smithson v. Sec'y of Health & Human Servs.*, No. 13-735V, 2019 WL 4271975, at *4 (Fed. Cl. Spec. Mstr. Aug. 15, 2019). For these reasons, I will decrease Petitioner's requested attorneys' fees by **$1,171.60**. The remainder of the work detailed in counsels' billing logs is reasonable, and I will award the remainder of time requested without reduction.

---

[3] The Attorneys' Forum Hourly Rate Fee Schedule for 2019 can be found here: https://www.uscfc.uscourts.gov/node/2914.
[4] This amount consists of $473 - $464 = $9 x 0.80 (hours worked on this matter)= $7.20.
[5] This is just an example and not the only instance within Petitioner's exhibit 2.
[6] This was the only noted example of double billing within Petitioner's exhibit 2.
[7] These are only examples and not the only instances within Petitioner's exhibit 2.

**B. Costs**

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992). Mr. Cochran has requested **$13,758.11** in Petitioners' interim costs. Pet'r's Mot. for IAFC at 3. Most of the requested costs are related to obtaining expert reports and medical records. *See* Pet'r's Mot. for IAFC, Ex. 2.

Mr. Cochran has requested **$10,875.00** in costs related to Dr. Steinman's expert fees and **$2,883.11** in other costs. Pet'r's Mot. for IAFC at 5–6. Dr. Steinman's rate of $500 per hour has been found reasonable and previously awarded in the Vaccine Program. *See e.g*., *Rolshoven v. Sec'y of Health & Human Servs*., No. 14–439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Auch v. Sec'y of Health & Human Servs*., 2017 WL 1718783, at *4 (Fed. Cl. Spec. Mstr. Apr. 5, 2017); *Daniel v. Sec'y of Health & Human Servs.,* No. 10–745V, 2016 WL 7785955, at *3 n.9 (Fed. Cl. Spec. Mstr. Dec. 21, 2016); *Pentcholov v. Sec'y of Health & Human Servs.,* No. 14–414V, 2016 WL 3197389, at *6 (Fed. Cl. Spec. Mstr. Apr. 29, 2016); *Brown v. Sec'y of Health & Human Servs.,* No. 09–426V, 2012 WL 952268, at *10–11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012). The additional incurred costs are from postage, photocopying, and medical record charges. *See* Pet'r's Mot. for IAFC, Ex. 2 at 24–25. Therefore, I find that the requested costs are reasonable and should be awarded in full.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Petitioner **$36,277.70** in interim attorneys' fees, plus **$13,758.11** in interim costs as follows:

| Interim Attorneys' Fees Requested | $37,456.50 |
|---|---|
| (Reduction) | -$1,178.80 |
| **Interim Attorneys' Fees Awarded** | **$36,277.70** |
| | |
| Interim Costs Requested | $13,758.11 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$13,758.11** |
| **Total Amount Awarded** | **$50,035.81** |

Accordingly, I will award the total of **$50,035.81** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. William E. Cochran, Jr., of Black McLaren Jones Ryland & Griffee, P.C., for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[8]

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master